IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIGUEL TAYLOR,                    )
                                  )     Civil No. 03-1028-MO
          Petitioner,             )
                                  )
     v.                           )
                                  )
CHARLES A. DANIELS,               )
                                  )     OPINION AND ORDER
          Respondent.             )

     Noel Grefenson
     1415 Liberty Street SE
     Salem, Oregon 97302

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Lynn David Larsen
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

///


     1 - OPINION AND ORDER

///

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254. He attempts to challenge his state convictions for Manslaughter and Unlawful Use of a Weapon on the grounds that he received ineffective assistance of both trial and appellate counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is denied, and this case is dismissed, with prejudice.

## BACKGROUND

On the night of December 13, 1992, petitioner and a friend, Rasheid McCallister, were involved in a gang-related shooting in northeast Portland which resulted in the death of Jeffrey Thompson. A jury acquitted petitioner of Murder, but found him guilty of Manslaughter in the First Degree as well as Unlawful Use of a Weapon.

Petitioner directly appealed these convictions and on March 22, 1995, the Oregon Court of Appeals reversed the Manslaughter conviction and remanded defendant to Multnomah County for retrial. State v. Taylor, 133 Or. App. 503, 892 P.2d 697, on reconsideration, 134 Or.App 501, 895 P.2d 357 (1995). At his second trial, petitioner was again convicted of Manslaugher and received a 115-month sentence which was to run concurrently with a previously-imposed 70-month federal sentence.

Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed the trial court without opinion and the Oregon Supreme Court denied review. <u>State v. Taylor</u>, 157 Or.App. 399, 972 P.2d 1227 (1998), <u>rev. denied</u>, 328 Or. 365, 987 P.2d 511 (1999).

Petitioner next filed for collateral relief in Oregon's post-conviction ("PCR") courts, but the PCR trial court denied relief on all of his claims. Respondent's Exhibits 114-116. Petitioner failed to timely file a notice of appeal, and the Oregon Court of Appeals denied his motion to file an untimely appeal noting that "the court has no authority to grant a delayed post-conviction appeal." Respondent's Exhibit 118. Petitioner did not petition the Oregon Supreme Court for review.

On July 29, 2003, petitioner filed the current action in which he raises claims of ineffective assistance of trial and appellate counsel. Because those claims are adequately stated in the Petition and the State's Response, they are not repeated here. Respondent asks the court to deny relief on these claims because: (1) they are procedurally defaulted; (2) the state court decisions are entitled to deference; and (3) the claims lack merit.

## **DISCUSSION**

I. **Exhaustion and Procedural Default**.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a

direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518

U.S. 152, 162 (1996); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 337 (1992);

<u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986).

In this case, petitioner concedes that he failed to timely appeal the PCR trial court's denial of his petition, therefore his ineffective assistance of counsel claims are procedurally defaulted. Petitioner does, however, contend that the court should excuse his default because he is able to demonstrate cause and prejudice. He also argues that the Oregon procedural rule to deny him appellate review in his PCR case is not independent and adequate sufficient to bar his claims in this court.

## II. **Cause and Prejudice**.

In order to demonstrate "cause," petitioner must show that some objective factor external to the defense impeded his efforts to fairly present the claim in state court. <u>Vansickel v. White</u>, 166 F.3d 953, 958 (9th Cir.), <u>cert. denied</u>, 528 U.S. 965 (1999); <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). A petitioner meets the "prejudice" standard if he can demonstrate that the errors he complains of undermine confidence in the outcome of his trial. <u>Vansickel</u>, 166 F.3d at 958-59.

Petitioner asserts that his "failure to appeal from the state post-conviction court's judgment occurred because the trial court failed to mail a copy of the judgment to his postconviction counsel." Petitioner's Reply (#33), p. 1. To the extent petitioner bases his argument for cause on this alleged fact,

Oregon law dictates that a trial court's failure to timely provide a party with a copy of a judgment is a fault attributable to counsel. <u>Miller v. Baldwin</u>, 176 Or.App. 500, 32 P.3d 234 (2001). While ineffective assistance of counsel may constitute cause for a procedural default, there is no right to counsel in a PCR proceeding thus PCR counsel's alleged error does not constitute cause sufficient to excuse petitioner's default. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991); <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 553 (1987).

**III.** **<u>Independent and Adequate Procedural Rule</u>**.

Petitioner also contends that Oregon's rule prohibiting delayed PCR appeals is not an independent and adequate state law upon which his procedural default rests, therefore it cannot act as a bar to his claims. "A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court." <u>Poland v. Stewart</u>, 169 F.3d 573, 585 (9th Cir. 1999) (quoting <u>Ford v. Georgia</u>, 498 U.S. 411, 424 (1991)).

In <u>Felkel v. Thompson</u>, 157 Or. App. 218, 970 P.2d 657 (1998), <u>superseded by</u> 175 Or.App. 291, 27 P.3d 536 (2001), the Oregon Court of Appeals dispensed with its practice of allowing PCR litigants to file a delayed appeal upon a showing of good cause. The Oregon Court of Appeals concluded that "without exception . . . appeals from post-conviction judgments [must] be filed and served within 30

days of entry of the final judgment." <u>Id</u> at 659. In 2001, the Oregon Court of Appeals determined that the rule announced in <u>Felkel</u> did not violate an Oregon PCR litigant's statutory right to suitable counsel where appointed counsel failed to timely file a notice of appeal on behalf of his client. <u>Miller v. Baldwin</u>, 176 Or.App. 500, 32 P.3d 234 (2001).

Petitioner contends that these cases conflict with the Oregon Supreme Court's decision in <u>State ex rel. Juv. Dept. v. Geist</u>, 310 Or. 176, 796 P.2d 1193 (1990), a parental rights termination case where the Oregon Supreme Court determined that it had inherent authority to create a remedy for the errors of appointed counsel. He argues that in light of <u>Geist</u>, the Oregon Court of Appeals' decisions in <u>Felkel</u> and <u>Miller</u> "establish that the procedure in question here is anything but clear and well-settled in the State of Oregon." Petitioner's Reply (#33), p. 9.

In <u>Miller</u>, the Oregon Court of Appeals specifically considered <u>Geist</u> and determined that it was inapplicable to the issue of PCR appeals. Miller, 176, Or.App. at 508-09. Although petitioner may disagree with the Oregon Court of Appeals' decisions on the issue of delayed PCR appeals, this court is bound by Oregon's interpretation of its own laws. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

<u>Felkel</u> and <u>Miller</u> clearly show that Oregon's rule barring delayed PCR appeals was firmly established and consistently followed at the time it was applied to petitioner's case on August 20, 2003. Because the rule at issue is independent and adequate to support the denial of petitioner's appeal on procedural grounds, petitioner is unable to excuse his default.

### **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _22nd_ day of August, 2005.

                    /s/ Michael W. Mosman
                    Michael W. Mosman
                    United States District Judge